## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ASHLEY HARRIS, individually and on behalf of all others similarly situated, | **COLLECTIVE ACTION COMPLAINT** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | Case No.: |
| ARMADA MI OPCO LLC; ARMADA VILLAGE MI WELLNESS LLC; HARPER WOODS MI OPCO LLC; NORTHWEST MI OPCO LLC; NORTHWEST OPCO HOLDCO LLC; REDFORD MI OPCO LLC; REDFORD VILLAGE MI WELLNESS LLC; ROSEVILLE MI OPCO LLC; SAMARITAN MI OPCO LLC; SOUTHGATE MI OPCO LLC; WARREN MI OPCO LLC; WAYNE MI OPCO LLC; d/b/a The Orchards Michigan, jointly and severally, | Hon.: |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Ashley Harris, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action against Defendants Armada MI OPCO LLC, Armada Village MI Wellness LLC, Harper Woods MI OPCO LLC, Northwest MI OPCO LLC, Northwest OPCO HOLDCO LLC, Redford MI OPCO LLC, Redford Village MI Wellness LLC,

1

Roseville MI OPCO LLC, Samaritan MI OPCO LLC, Southgate MI OPCO LLC, Warren MI OPCO LLC, and Wayne MI OPCO LLC, d/b/a The Orchards Michigan (hereinafter, "Defendants" or "The Orchards Michigan"), to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters:

## **INTRODUCTION**

1.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Ashley Harris ("Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' systemic failure to include all remuneration in their overtime computations in willful violation of the FLSA, 29 U.S.C § 207.

2.      Defendants jointly own and operate a chain of nursing homes throughout Michigan, commonly known as The Orchards Michigan.[1]  Defendants employ hourly employees, such as Certified Nurse Assistants ("CNAs") and other similar positions, at each of their locations.

3.      Defendants own and operate at least 11 locations throughout Michigan, including the following:

---

[1] https://theorchardsmi.com/ (last visited February 7, 2023).

2

a. Armada MI OPCO LLC, d/b/a The Orchards at Armada, located at 22600 W. Main Street, Armada, MI 48005;[2]

b. Armada Village MI Wellness LLC, d/b/a The Orchards at Armada Village, located at 22600 W. Main Street, Armada, MI 48005;[3]

c. Harper Woods MI OPCO LLC, d/b/a The Orchards at Harper Woods, located at 1980 Harper Avenue, Harper Woods, MI 48225;[4]

d. Northwest MI OPCO LLC and Northwest OPCO HOLDCO LLC, d/b/a The Orchards at Northwest, located at 16181 Hubbell Street, Detroit, MI 48235;[5]

e. Redford MI OPCO LLC, d/b/a The Orchards at Redford, located at 25330 W. Six Mile Road, Redford, MI 48240;[6]

f. Redford Village MI Wellness LLC, d/b/a The Orchards at Redford Village, located at 25330 W. Six Mile Road, Redford, MI 48240;[7]

g. Roseville MI OPCO LLC, d/b/a The Orchards at Roseville, located at 25375 Kelly Road, Roseville, MI 48066;[8]

h. Samaritan MI OPCO LLC d/b/a The Orchards at Samaritan, located at 5555 Connor Street, 4th Floor, Detroit, MI 48213;[9]

i. Southgate MI OPCO LLC d/b/a The Orchards at Southgate, located at 15400 Trenton Road, Southgate, MI 48195;[10]

j. Warren MI OPCO LLC, d/b/a The Orchards at Warren, located at 12250 12 Mile Road, Warren, MI 48093;[11] and

---

[2] https://theorchardsmi.com/armada (last visited February 7, 2023).
[3] https://theorchardsmi.com/armada-village (last visited February 7, 2023).
[4] https://theorchardsmi.com/harper-woods (last visited February 7, 2023).
[5] https://theorchardsmi.com/northwest (last visited February 7, 2023).
[6] https://theorchardsmi.com/northwest-1 (last visited February 7, 2023).
[7] https://theorchardsmi.com/redford-village (last visited February 7, 2023).
[8] https://theorchardsmi.com/roseville (last visited February 7, 2023).
[9] https://theorchardsmi.com/samaritan (last visited February 7, 2023).
[10] https://theorchardsmi.com/southgate (last visited February 7, 2023).
[11] https://theorchardsmi.com/warren (last visited February 7, 2023).

      k.  Wayne MI OPCO LLC d/b/a The Orchards at Wayne, located at 4427 Venoy Road, Wayne, MI 48184.[12]

4.     Defendants collectively operate the above locations and do business as The Orchards Michigan.[13]

5.     Plaintiff and the putative collective members consist of current and former hourly employees of Defendants at one or more of the above referenced locations. Throughout the relevant period, Defendants maintained a corporate policy and practice of willfully refusing to pay Plaintiff and all similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

6.     In particular, Defendants failed to include shift differential pay and other non-discretionary bonuses, such as attendance and COVID-19 related bonuses, into the regular rate of pay for Plaintiff and all others similarly situated when calculating their overtime rates.

7.     As a result of Defendants' willful failure to compensate Plaintiff and all similarly situated employees at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29

---

[12] https://theorchardsmi.com/wayne (last visited February 7, 2023).
[13] https://theorchardsmi.com/ (last visited February 7, 2023).

U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

8.     Plaintiff and all similarly situated employees are entitled to back pay, liquidated (double) damages, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

10.     Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

11.     Defendants' annual sales exceed $500,000 and Defendants each employ more than two persons, so the FLSA applies in this case on an enterprise basis.  Defendants' employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

12.     Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially

occurred in this District.

## PARTIES

13.     Plaintiff, Ashley Harris, is an adult resident of Lincoln Park, in Wayne County, Michigan. Since March 2022, Ms. Harris has been, and is currently, an employee of Defendant Southgate MI OPCO LLC, d/b/a Orchards of Southgate. Throughout her employment with Defendants, Plaintiff often worked 40 or more hours per week and worked overtime during numerous workweeks.  Plaintiff signed a consent form to join this collective action lawsuit, which is attached as **Exhibit A**.

14.     Additional putative Collective members were or are employed by Defendants as hourly employees during the past three years and their consent forms will also be filed in this case.

15.     Defendants are domestic limited liability companies authorized to do business pursuant to the laws of the State of Michigan.

16.     Each Defendant has the same resident agent: Business Filings Incorporated, and the same registered office: 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170-4675.

17.     At all times relevant to this Complaint, Defendants were a common enterprise and joint "employers" of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## FACTUAL BACKGROUND

18.    In March 2022, Plaintiff Harris was hired by Defendants as a CNA at the Orchards at Southgate location. Plaintiff Harris was paid at a base rate of $14.50 per hour. *See* **Exhibit B**. Because she worked the second and third shifts, she also earned a shift differential of $1.00 per hour, for a total of $15.50 per hour. *Id*. She also routinely worked weekend shifts, earning additional weekend shift differentials in the amounts of $0.50 and $1.50, for a total base rate of $15.00 or $16.00, respectively. *Id*.

19.    In addition to the base rate of pay and shift differentials, Defendants incorporate various routine and non-discretionary bonuses into its payment structure. For example, Defendants offered hourly employees Covid-19 hazard bonus payments, as well as attendance bonuses.

20.    Plaintiff and all similarly situated employees were eligible for, and regularly received, these various routine and non-discretionary bonuses in addition to their base hourly rate and shift differentials.

21.    However, Defendants failed to include the shift differential pay and non-discretionary bonuses, such as the attendance and Covid-19 related bonuses, into the regular rate of pay for Plaintiff and all others similarly situated when calculating Plaintiff's and all similarly situated employees' regular rate of pay and

resulting overtime rate premium. As a result, Defendants did not pay the proper overtime rate under the FLSA.

22.    As non-exempt employees, Plaintiff and all similarly situated employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

23.    Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).  It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

24.    No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated.  29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

25.    Defendants' shift differentials and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

26.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation.  Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendants' hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

27.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

28.     Plaintiff's "total remuneration" included not only her hourly pay, but also any shift differentials and various routine and non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must

9

consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

29.    However, Defendants failed to incorporate these other remunerations into their hourly employees' regular hourly rate calculation, resulting in a *prima facie* violation of the FLSA.

30.    Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

31.    Plaintiff and all similarly situated employees have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but at a rate that does not include Defendants' non-discretionary bonuses and shift differential pay as required by FLSA.

32.    For example, Plaintiff's pay stub for the pay period 6/26/2022 through 7/09/2022 shows a base hourly rate of $14.50 and an overtime rate of $21.75, which is 1.5 times the stated base rate. *See* **Exhibit B**. On this paycheck, Plaintiff also earned several shift differentials associated with working the second and third shifts, as well as weekends, amounting to shift differential earnings of $384.43 during this

particular pay period.[14] *Id.* Additionally, Plaintiff earned $198.73 for the "MI Stipend" bonus (Defendants' COVID-19 related bonus) and $90.73 for the "Schwk Bonus" (Defendants' attendance bonus). *Id.* However, Plaintiff's overtime rate does not account for these shift differentials and non-discretionary bonuses. *Id.*

33.     Defendants were required to pay Plaintiff the federally mandated overtime premium rate of 1.5 times her regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.  However, Defendants only paid Plaintiff 1.5 times her base hourly rate as her overtime premium, which is lower than 1.5 times her regular rate.

34.     Thus, Defendants failed to calculate the regular rate and violated the FLSA.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

35.     Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of:

> ***All current and former hourly employees who worked for Defendants at any of its locations at any time during the three years preceding the filing of this Complaint up through and including judgment.***

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

---

[14] Plaintiff earned second-shift and third-shift differentials ($1.00), or $15.50, as well as weekend shift differentials ($1.50), or $16.00. *See* **Exhibit B**.

36.     Excluded from the proposed FLSA Collective are Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

37.     Defendants' hourly employees were eligible for and received shift differential pay and non-discretionary bonuses for work performed from three years from the date of the filing of this lawsuit until the present.

38.      Defendants' hourly employees' overtime rates during this period did not account for this pay as required by FLSA and its attendant regulations.

39.     Additionally, consistent with Defendants' policies and practices, Plaintiff and the proposed FLSA Collective were not paid for all premium overtime compensation when they worked beyond forty (40) hours in a workweek.

40.     All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all of the work Plaintiff and the proposed FLSA Collective performed.

41.     Defendants were aware, or should have been aware, that federal law required them to pay Plaintiff and the proposed FLSA Collective members an overtime premium for all hours worked in excess of forty (40) per workweek.

42.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective.

Defendants' policy and practice includes, but is not limited to, failing to pay its employees, including Plaintiff and the members of the proposed FLSA Collective, for all premium overtime wages for all hours that they worked in excess of forty (40) hours per workweek.

43.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

44.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful pay practices, policies, or plans; and (d) their claims are based upon the same factual and legal theories.

45.     Resolution of this action requires inquiry into common facts.

46.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every proposed FLSA Collective member, to wit: whether Defendants properly calculated the regular rate for Plaintiff and the proposed FLSA Collective members.

47.     Plaintiff estimates the FLSA Collective, including both current and former hourly employees over the relevant period, includes hundreds of current and former hourly employees. The precise number should be readily available from a review of Defendants' personnel and payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq.*

48.     The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

49.     Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the Fair Labor Standards Act.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

50.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51.     Defendants are employers within the meaning of 29 U.S.C § 203(d).

52.     Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

53.     The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' shift differential pay and non-discretionary bonuses do not fall into any of those exceptions. Additionally, FLSA implementing regulations make clear the regular rate of pay includes "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work."." 29 C.F.R. §778.207(b).

54.     Defendants failed to include shift differential pay and non-discretionary bonuses into the regular rate of pay for Plaintiff and all similarly situated employees when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

55.     At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

56.     Additionally, the FLSA requires an employer to pay employees the

federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

57.    The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees).  *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

58.    In workweeks where Plaintiff and other FLSA Collective members worked forty (40) hours or more, all overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular rate of pay, including shift differentials and other non-discretionary bonuses, where applicable.  29 U.S.C. § 207.

59.    As a result of Defendants' unlawful policies and practices, Plaintiff and the FLSA Collective members were deprived of overtime wages in violation of the FLSA.

60.    Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiff and the proposed FLSA Collective members at the proper overtime rate, but did not.

61.    As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have

violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62.     As a result of Defendants' violations of FLSA, Plaintiff and all similarly situated employees are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and the overtime they did receive during the time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

63.     Plaintiff and all others similarly situated are entitled to back pay, liquidated damages in an amount equal to their back pay, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a.     An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b.     An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names, and

addresses, phone numbers, and e-mail addresses of all proposed FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective members of their right to join and participate in this lawsuit;

c.     An Order designating Plaintiff Harris as the representative of the FLSA Collective and undersigned counsel as class counsel for the same;

d.     An Order declaring Defendants violated the FLSA;

e.     An Order declaring Defendants' violations of the FLSA were willful;

f.     An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g.     An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in prosecuting this action as required by statute;

h.     An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

i.     An Order awarding such other and further relief as this Court deems appropriate.

## **<ins>DEMAND FOR JURY TRIAL</ins>**

Plaintiff, Ashley Harris, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Date: February 7, 2023                    Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 East Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
Telephone: (269) 250-7500
Fax: (269) 250-7503
jyoung@sommerspc.com

Albert J. Asciutto (P82822)
**SOMMERS SCHWARTZ, P.C.**
1 Towne Sq., 17th Floor
Southfield, Michigan 48375
(248) 355-0300
aasciutto@sommerspc.com

*Attorneys for Plaintiff and the Proposed Collective*